UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
JEREMY LEVIN and LUCILLE LEVIN,

                    Plaintiffs,

    -against-

650 FIFTH AVENUE COMPANY, ALAVI
FOUNDATION, BANK MELLI IRAN,
ASSA CORPORATION, and ASSA
COMPANY LIMITED,

                    Defendants.
```

17 Civ. 959 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

Jeremy and Lucille Levin brought this turnover action pursuant to N.Y. C.P.L.R. §§ 5225 and 5227, Fed. R. Civ. P. 69, and Section 201 of the Terrorist Risk Insurance Act of 2002 ("TRIA") to seek to enforce a judgment obtained against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp (collectively, "Iran"). (See Complaint, dated February 8, 2017 ("Compl.") [dkt. no. 1]; Judgment, dated February 6, 2008 [dkt. no. 1-3].)  Before the Court is a motion to dismiss brought by Defendants Alavi Foundation and 650 Fifth Avenue Company (together, "Defendants").  (See Defendants' Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, dated March 13, 2020 [dkt. no. 183].) Defendants principally assert that the complaint should be

dismissed because the Levins have failed adequately to allege that Defendants are Iran or its "agencies or instrumentalities" under the TRIA and, hence, the Court lacks subject matter jurisdiction over them.  (See Defendants' Memorandum of Law in Support of Their Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim ("Mot.), dated March 13, 2020 [dkt. no. 184] at 10-13.)  Defendants separately argue that the Complaint should be dismissed for failure to state a claim because the assets sought to be turned over are not "blocked assets" within the meaning of the TRIA. (Id. at 14-16.)  For the reasons that follow, the Court concludes that Plaintiffs have failed adequately to allege both that Defendants are agencies or instrumentalities of Iran and, relatedly, that the assets sought to be turned over are "blocked assets" under the TRIA.  Defendants' motion to dismiss is granted without prejudice, and Plaintiffs are granted leave to replead.

I.  **Procedural History**

The Levins hold partially unsatisfied judgments in the amount of $28,807,719.00 against Iran, which have been registered in and renewed by this Court. (See Order Entering Renewal Judgment, Levin v. Islamic Republic of Iran, No. 18 Civ. 11576, dated December 28, 2018 [dkt. no. 18].)  In December 2008, the Government brought a forfeiture against certain assets

2

held by Assa Corporation, Assa Company Limited, Bank Melli, and the Alavi Foundation, including their ownership of the 650 Fifth Avenue Company.  (Dkt. no. 1 in 08-cv-10934.)  This complaint was amended on November 12, 2009 (dkt. no. 51 in 08-cv-10934), followed soon after by claims against the same assets by individual judgement creditors of Iran.  These cases were consolidated for pre-trial purposes.  (Dkt. nos. 108, 160, 173, 328, 364, and 370 in 08-cv-10934.)

The Levins filed a motion to intervene in the ongoing collection action on February 4, 2015, which the Court denied and the Second Circuit affirmed.  See Levin v. United States, 633 F. App'x 69 (2d Cir. 2016).  Thereafter, on February 8, 2017, the Levins filed the instant Complaint against 650 Fifth Avenue Company, Alavi Foundation, Bank Melli Iran, Assa Corporation, and Assa Company Limited.  (dkt. no. 1.)

Following a winding history in which this action was stayed (dkt. no. 123), then consolidated with the actions brought by other judgment creditors in In re 650 Fifth Avenue and Related Properties (dkt. no. 168), and subsequently unconsolidated from those actions (dkt. no. 2202 in 08-cv-10934), the stay in this action was lifted on May 29, 2020 (dkt. no. 193).  On December 3, 2019--before this action was unconsolidated--the Levins moved for summary judgment against the Assa Defendants:  Assa Corporation and Assa Company Limited.  On July 29, 2020, the

3

Court denied the Levins' motion for summary judgment.  See In re 650 Fifth Avenue and Related Properties, 2020 WL 4353091 (S.D.N.Y. Jul. 29, 2020).

On March 13, 2020--shortly after this case was unconsolidated--Defendants Alavi Foundation and 650 Fifth Avenue Company filed the instant motion to dismiss and accompanying memorandum of law and declaration.  (Dkt. nos. 183-185.)  The Levins filed a memorandum of law in opposition on April 10, 2020 (Plaintiffs' Opposition to the Alavi Foundation and 650 Fifth Avenue Company's Renewed Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to state a Claim ("Opp."), dated April 10, 2020 [dkt. no. 191]), and Defendants replied on April 24, 2020 (Alavi Foundation and 650 Fifth Avenue Company's Reply Memorandum of Law in Support of Their Renewed Motion to Dismiss for Lack of Subject matter Jurisdiction and for Failure to State a Claim ("Reply"), dated April 24, 2020 [dkt. no. 192]).

Although the Levins' Complaint asserts claims under Section 1610 of the Foreign Sovereign Immunities Act (FSIA), they are no longer proceeding under the FSIA.  (See Opp. at 10 n.11; dkt. no. 184 at 12.)  Thus, the Levins are proceeding against Defendants only under the TRIA.

4

## II.  Defendants[1]

Alavi is a not-for-profit corporation organized under the laws of New York. (Compl. ¶ 38.)  According to the Levins, Alavi "is owned or controlled by the Government of Iran" and "[u]ntil recently, Iran exercised day-to-day control over the operations of Alavi by and through its former President, Farshid Jahedi." (Compl. ¶ 38.)  The Levins allege that "multiple sources" have "publicly report[ed] that Alavi is a front for Iran in the United States that has longstanding connections with Iran and Iran's sponsorship of terrorist activities."  (Id. ¶ 41.)

The Levins also allege that "the United States Department of Justice has determined that Defendant Alavi is controlled by Iran."  (Id. ¶ 38.)  The Government's Complaint, which, as amended, was filed in November 2009 and is incorporated by reference into the Levins' Complaint,[2] alleges that "the Alavi Foundation is controlled by the Islamic Republic of Iran and has been providing numerous services to the Iranian Government . . . , including managing a commercial building for the Iranian Government, running a charitable organization for the Iranian Government, and transferring funds from 650 Fifth Avenue

---

[1]    The facts herein are taken from the Complaint.
[2]    As the parties agree (Mot. at 3 n.3; Opp. at 7 & n.6), the Government's Complaint in the related forfeiture action (dkt. no. 51 in 08 Civ. 10934) is incorporated by reference into the Levins' Complaint.  (See Compl. ¶ 42).

Company."  (Dkt. no. 51 in 08 Civ. 10934 ¶ 21 (the "Government's
Complaint").)  The Alavi Foundation was originally established
by the Shah of Iran in 1973 to conduct charitable work in the
United States.  (Id. ¶ 24.)

The Fifth Avenue Company is a partnership organized under
the laws of New York. (Compl. ¶ 18.) It consists of two
partners: Alavi and Assa.  (Id.)  The Fifth Avenue Company's
most valuable asset is a commercial real estate building located
in New York City at 650 Fifth Avenue (the "Building").
(Government's Complaint ¶ 20.)

## III. **Applicable Law**

### A.    **12(b)(1)**

The Court of Appeals has identified two types of Rule
12(b)(1) motions:  facial and fact-based.  See Carter v.
HealthPort Technologies, LLC, 822 F.3d 47, 56-57 (2d Cir. 2016);
see also Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 119 (2d
Cir. 2017).  A facial Rule 12(b)(1) motion is one "based solely
on the allegations of the complaint or the complaint and
exhibits attached to it."  Carter, 822 F.3d at 56.  A plaintiff
opposing such a motion bears "no evidentiary burden."  Id.
Instead, to resolve a facial Rule 12(b)(1) motion, a district
court must "determine whether [the complaint and its exhibits]
allege[] facts that" establish subject matter jurisdiction.  Id.
(cleaned up).  And to make that determination, a court must

accept the complaint's allegations as true "and draw all reasonable inferences in favor of the plaintiff." Id. at 57 (cleaned up).

> **B.   12(b)(6)**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may assert failure to state a claim as a defense. Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. at 1949.  In applying this standard, the Court must accept as true all well-plead factual allegations and draw all reasonable inferences in favor of the plaintiff. Twombly, 550 U.S. at 570.  The Court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Ashcroft, 129 S. Ct. at 1949.

> **C.   The TRIA**

The FSIA provides that foreign states, as well as their agencies and instrumentalities, enjoy absolute immunity from

suit and from the attachment and execution of their assets, and these immunities fall away only under "certain express exceptions." Rubin v. Islamic Republic of Iran, --- U.S. ----, 138 S. Ct. 816, 822 (2018).  One such exception allows parties to bring suits against foreign states based on acts of terrorism.  28 U.S.C. § 1605A(a).  Another such exception, the TRIA, allows FSIA judgment holders, such as the Levins, to enforce their judgments using attachment or execution and provides that:

> Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based on an act of terrorism, or for which a terrorist party is not immune under [28 U.S.C. § 1605(a)(7)], the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in the aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

TRIA § 201(a), Pub. L. No. 107-297, 116 Stat. 2322, 2337, codified at 28 U.S.C. § 1610 note (emphasis added).

Section 201(a) of the TRIA provides "an independent basis for subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hand of an agency or instrumentality of the terrorist party, even if the agency or instrumentality is not itself named in the judgment." Kirschenbaum v. 650 Fifth Ave. & Related Props., 830 F.3d 107,

132 (2d Cir. 2016), abrogated on other grounds by Rubin v. Islamic Republic of Iran, 138 S. Ct. 816, 821 (2018). TRIA Section 201(a) "clearly differentiates between the party that is the subject of the underlying judgment itself, which can be any terrorist party (here, Iran), and parties whose blocked assets are subject to execution or attachment, which can include not only the terrorist party but also any agency or instrumentality of that terrorist party." Id. (cleaned up).

"To demonstrate that Defendants are 'agencies or instrumentalities' of a terrorist party under the TRIA, . . . Plaintiffs must show that each Defendant (1) was a means through which a material function of the terrorist party is accomplished, (2) provided material services to, on behalf of, or in support of the terrorist party, or (3) was owned, controlled, or directed by the terrorist party." Id. at 135.

In addition to the requirement that the assets sought to be attached or executed upon are the assets of the terrorist party or of the terrorist party's agency or instrumentality, the TRIA requires that the assets sought to be executed or attached be "blocked assets." Blocked assets are defined as "any asset seized or frozen by the United States under Section 5(b) of the Trading With the Enemy Act . . . or under Sections 202 and 203 of the International Emergency Economic Powers Act." TRIA § 201(d)(2), 116 Stat. at 2322. Based on the Supreme Court's

reasoning in <u>Bank Markazi v. Peterson</u>, 578 U.S. 212 (2016), the Court of Appeals in <u>Kirschenbaum</u> held that any property belonging to the Government of Iran (as well as its agencies or instrumentalities) under the relevant executive orders is "blocked" within the meaning of the TRIA. <u>Kirschenbaum</u>, 830 F.3d at 137-41.

## IV.  **Discussion**

### A.  **Agency or Instrumentality Status**

Defendants assert that the Court lacks subject matter jurisdiction over them principally because Plaintiffs have not adequately pled that they are Iran or Iran's "agencies or instrumentalities" as that phase is used in the TRIA. (<u>See</u> Mot. at 10-13.)  The Defendants' status as "agencies or instrumentalities" is a jurisdictional requirement that "is determined at the time of the filing of the complaint" because "the jurisdiction of the Court depends upon the state of things at the time of the action brought." <u>Cf. Dole Food Co. v. Patrickson</u>, 538 U.S. 468, 478-79 (2003); <u>accord</u> <u>Kirschenbaum</u>, 830 F.3d at 126 ("[A]n entity's agency or instrumentality status . . . is determined at the time of the filing of the complaint . . . ." (cleaned up).)

As a preliminary matter, the Court disagrees with Defendants' legal argument that the 2010 Consent Order appointing former United States Magistrate Judge Kathleen A.

Roberts as monitor of Defendants precludes as a matter of law "any allegation that Iran controlled, owned, directed, received material services from, or carried out material functions through Defendant" after 2010.  (Mot. at 12.)   "The fact of receivership does not alter the history of the organizations or what would occur if the receivership were to be terminated."  In re 650 Fifth Ave. & Related Properties, 881 F. Supp. 2d 533, 552 (S.D.N.Y. 2012).  And the fact that Judge Roberts "reviewed and approved disbursements by Alavi and all decisions by Alavi" (Mot. at 12) does not as a matter of law mean that Defendants were not agencies or instrumentalities of Iran as of 2017 when the Complaint in this case was filed or as of 2015 when the Levins first attempted to intervene in the In re 650 Fifth Avenue action.  See 2A C.J.S. Agency § 93.

Plaintiffs allege that as of the filing of the Complaint in February 2017:  "Defendants are agencies or instrumentalities of Iran" (Compl. ¶ 11); "Alavi is owned or controlled by the Government of Iran" and "[u]ntil recently, Iran exercised day-to-day control over the operations of Alavi" (id. ¶ 38); "[t]he United States Department of Justice has determined that Defendant Alavi is controlled by Iran and has been providing numerous services to Iran . . . , including managing [650 Fifth Avenue] for Iran, running a charitable organization for Iran, and transferring funds from Fifth Avenue Company to Bank Melli"

11

(id.); and "Alavi is a front for Iran in the United States and
. . . has longstanding connections with Iran and Iran's
sponsorship of terrorist activities" (id. ¶ 41).  Plaintiffs
also incorporate by reference the allegations in the
Government's Complaint from 2009, which span roughly from the
1970s through early 2009.

In essence, Plaintiffs' allegations about Defendants and
their connections to Iran are summaries from the Governments'
complaint filed eight years earlier (Compare Compl. ¶ 38, with
Government's Compl. ¶ 22), combined with conclusory recitals
such as "Defendants are agencies or instrumentalities of Iran,"
"Alavi is a front for Iran," and "Alavi is owned or controlled
by [Iran]."  Neither the historical allegations from 2009 nor
the conclusory present-tense recitals suffice to satisfy
Plaintiffs' obligation at the pleading state to allege that
Alavi and 650 Fifth Avenue were agencies or instrumentalities of
Iran as of the filing of the Complaint.  Cf. Kirschenbaum, 830
F.3d at 136.  Plaintiffs' allegations, accepted as true and
construed in the light most favorable to them, fail to satisfy
the TRIA's jurisdictional requirement that Defendants be
agencies or instrumentalities of Iran, that is, that they
"provided material services" to Iran or were "owned, controlled,
or directed by" Iran as of the filing of the Complaint.  Id. at
135.

B.    **Blocked Assets**

Defendants also contend that their properties do not constitute "blocked assets" under the TRIA.  (Mot. at 14.)

On February 5, 2012, pursuant to his authority under, inter alia, the International Emergency Economic Powers Act, President Obama ordered that "[a]ll property and interests in property of the Government of Iran, including the Central Bank of Iran, that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person, including any foreign branch, are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in."  Executive Order 13599, 77 Fed. Reg. 26 (Feb. 6, 2012).  E.O. 13599 defines the "Government of Iran" as "any political subdivision, agency, or instrumentality thereof . . . and any [individual or entity] owned or controlled by, or acting for or on behalf of, the Government of Iran."  Id.

The Court of Appeals in Kirschenbaum held that any property belonging to the Government of Iran (as well as its agencies or instrumentalities) under the relevant executive orders is "blocked" within the meaning of the TRIA.  830 F.3d at 137-41.

For substantially the same reasons that the Court found that subject matter jurisdiction was not adequately alleged, the Court concludes that Plaintiffs have failed adequately to allege

13

that Defendants satisfy E.O. 13599's definition of "the Government of Iran." Plaintiffs' allegations, accepted as true and viewed in the light most favorable to them, do not support the inference that Alavi and 650 Fifth Avenue Company are agencies or instrumentalities of Iran or were so at the time of the filing of the Complaint.

**V.    Conclusion**

Accordingly, Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim is granted without prejudice. The Court concludes that granting leave to replead pursuant to Fed. R. Civ. P. 15(a)(2) is warranted under the circumstances.

The parties shall confer and advise the Court by joint letter how they propose to proceed.

The Clerk of the Court shall mark the open motion (dkt. no. 183) as closed.

**SO ORDERED.**

Dated:    New York, New York
          August 26, 2022

                              _LORETTA A. PRESKA_
                              LORETTA A. PRESKA
                              Senior United States District Judge